**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DECHAO MA, | No. 13-73452 |
| Petitioner, | Agency No. A200-275-364 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016[**]

Before:    FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Dechao Ma, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and relief

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).  We deny the petition for review.

We do not consider the materials Ma references in his opening brief that are not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Substantial evidence supports the agency's conclusion that Ma did not establish that his past harm rose to the level of persecution.  *See Gu v. Gonzales*, 454 F.3d 1014, 1021 (9th Cir. 2006) (brief detention, beating, and interrogation did not compel a finding of past persecution).  Substantial evidence also supports the agency's conclusion that Ma did not establish an objectively reasonable fear of future persecution.  *See id.* at 1022.  Thus, Ma's asylum and withholding of removal claims fail.

Finally, substantial evidence supports the agency's denial of Ma's CAT claim.  He failed to establish it is more likely than not he would be tortured if returned to China.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**